STATE OF IOWA, Appellant, v. PHILLIP BOGGS, Appellee.

MALICIOUS MISCHIEF: Evidence—Operation of Automobile— Consent of Owner—Effect. When the original taking and operating of a motor vehicle is with the *consent* of the owner, as required by Section 4823, Code Supplement, 1913, the taker and

operator may not be convicted under *said* section, even though the consent was fraudulently obtained and the use and operation of the car were in excess of the permission so obtained.

*Appeal from Wapello District Court.*—D. M. ANDERSON, Judge.

SATURDAY, OCTOBER 20, 1917.

DEFENDANT, who was indicted under the provisions of Section 4823 of the Supplement to the Code, 1913, was tried and acquitted by the jury. An instruction requested by the State was refused, and exception taken. The State appeals. The material facts are stated in the opinion.— *Affirmed.*

*H. M. Havner*, Attorney General, *H. H. Carter* and *F. C. Davidson*, Assistant Attorney Generals, and *Elmer K. Daugherty*, County Attorney, for appellant.

*A. W. Enoch* and *W. S. Asbury*, for appellee.

MALICIOUS MISCHIEF: evidence: operation of automobile: consent of owner: effect.

PER CURIAM.—The indictment in this case is based upon Section 4823 of the Supplement to the Code, 1913, the material part of which is as follows:

" * * * or if any chauffeur or other person shall without the consent of the owner take, or cause to be taken, any automobile or motor vehicle, and operate or drive or cause the same to be operated or driven, he shall be imprisoned * * *."

At the close of the testimony, counsel for the State requested the court to give the following instruction:

"* * * that consent given by the owner of the car given for specific purpose or for a stated time would not be consent to use the car for a different purpose, nor generally, nor for an unlimited time, and consent to use the car for a period of fifteen or twenty minutes would not be consent to drive the car to Muscatine."

The court refused to give the above instruction, but in lieu thereof gave the following:

"5. The gist of the offense charged is the taking and driving of the motor car in question without the consent of the owner. The defendant is not on trial in this case for any other offense than that charged in the indictment. If the owner consents to the person charged taking and driving the car, then the person charged cannot be convicted of taking and driving the car, even though he may drive it for a long distance, or may damage the car or may even convert it to his own use. If the owner consents to the taking and driving and suffers any wrong therefrom, then his remedy is something other than a prosecution under the statute for taking and driving without his consent."

The above statute was evidently enacted for the purpose of providing punishment for the taking and operating of an automobile or other motor vehicle, or causing the same to be taken and operated without the consent of the owner, under circumstances not amounting to larceny. . The taking of a motor vehicle and operating the same without the intention of appropriating it permanently to the use of the person so taking and operating it is not larceny, and could not be punished as such.

It appears from the evidence that defendant obtained consent of the owner to take and operate his automobile for fifteen or twenty minutes, and that, after obtaining possession thereof, he drove the same about Ottumwa, and then, with some companions, to Muscatine, where the car became disabled and was left in a garage. It is contended on behalf of appellant that consent obtained by trick, deceit or misrepresentation is not consent in fact. The word "consent," as used in this connection, we think, should be interpreted as meaning voluntarily yielding the will to the proposition of another; acquiescence or compliance therewith. The owner's consent must precede the act of taking, or

assuming possession of, the motor vehicle, and does not relate to what transpires thereafter. As stated by the court, the gist of the offense is the taking and operating, or causing a motor vehicle to be taken or operated, by another without the consent of the owner. The statute was not designed to punish one who, by misrepresentation or for a fraudulent purpose, obtains consent of the owner to take and operate his motor vehicle, but one who takes possession thereof without permission or consent of the owner.

The instruction of the court was substantially correct. —*Affirmed.*

GAYNOR, C. J., WEAVER, PRESTON AND STEVENS, JJ., concur.