STATE, Plaintiff, vs. MULARKEY and another, Defendants.

*March 10—April 3, 1928.*

*Automobiles: Taking without owner's consent: Unauthorized use: Gist of offense.*

1. Sec. 343.18, Stats., penalizing the taking, use, and operation of an automobile without the consent of the owner, creates a distinct offense, not necessarily included in the crime of larceny; and to bring a defendant within its purview it must be shown that the automobile was taken without the owner's consent and operated on a public highway. p. 550.
2. The mere unauthorized or extended use of an automobile by one who has lawfully obtained the owner's consent to its taking for use and operation on a public highway on a specified trip is not a violation of sec. 343.18, Stats. p. 551.

QUESTION OF LAW submitted by the circuit court for Marquette county: CHESTER A. FOWLER, Circuit Judge. *Answered "No."*

Defendants were jointly tried and found guilty of a violation of sec. 343.18, Stats., but before pronouncing sentence the trial court reported a question of law to this court, pursuant to sec. 358.10, Stats.

For the plaintiff there was a brief by *K. J. Callahan,* district attorney of Marquette county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Callahan* and *Mr. Messerschmidt.*

*Vincent F. McNamara* of Montello, for the defendants.

ESCHWEILER, J.   This case was a prosecution of the defendants for a violation of sec. 343.18, Stats., the material part reading as follows:

"Any person who shall take, use and operate any automobile . . . upon any public highway of this state without the consent of the owner thereof shall, upon conviction thereof," etc.

The facts, as recited in the report of the trial judge, show a hiring by the defendants of an automobile from the owner thereof at Montello in said county to drive to Oxford, to be returned at 7 o'clock the following morning.   The car was driven to Fond du Lac, then to Oxford, then to Dalton, and there abandoned without notice to the owner; the extra driving being without the consent, permission, or knowledge of the owner.   The trial court then reported to this court the following question:

"If a person accused of violation of sec. 343.18, Stats., hires from the owner an automobile to use for a specified trip, and without the consent of the owner uses it for trips far beyond that specified, does the additional use constitute a violation of the statute?"

As pointed out in *Eastway v. State,* 189 Wis. 56, 58, 206 N. W. 879, involving this same statute, this statute creates a distinct offense, one not necessarily included in the crime of larceny, and to bring a defendant within its purview it is necessary to show that the vehicle is taken without the consent of the owner and operated upon a public highway.

A like statute was considered in *State v. Boggs,* 181 Iowa, 358, 164 N. W. 759, and there the consent was for its use for a period of fifteen to twenty minutes to drive about one city, but the trip extended to another city where the car was abandoned, and it was held that the gist of the statutory offense is the taking and operating without the consent of the owner, and that it was not designed to punish one who obtained consent to take and operate by misrepresentation or for a fraudulent purpose, but only against one who takes

possession thereof without the permission or consent of the owner.

In *People v. Alaboda,* 198 App. Div. 41, 189 N. Y. Supp. 464, it was held under a like statute that the keeping of such a vehicle for a period beyond the designated hour for return under the contract is not an offense within the statute. That such fact shows a mere breach of contract not intended to be reached by such a penal statute.

We are in accord, in the main, with such a construction of a statute of this kind, and hold, therefore, that the mere unauthorized or extended use of such a vehicle by one who has lawfully obtained the consent of the owner to its taking for use and operation upon the public highway is not a violation of this statute; and that the substance of the offense aimed at by its provisions is the obtaining of the possession in the first instance without the consent of the owner. The question presented must be answered "No."

*By the Court.*—The cause is remanded for further proceedings according to law.