THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. 6336—Decided November 22, 1943.)

*Mr. Carson Hoy* and *Mr. Louis F. Britten,* for appellee.

*Mr. Edwin T. Heilker,* for appellant.

ROSS, P. J.  The defendant was employed by the Saunders System to service motor vehicles used by it

in its business. He was permitted to use an automobile of the company to go to and from various places where his services were required by the company and to his home for a meal about midnight, his employment requiring him to work during the night.

After going to his home for a meal, defendant drove the car on an excursion of his own, being apprehended on the following day, in possession of the vehicle.

He was indicted on three counts, the first charging larceny of the car, the second, driving it without the consent of the owner, and the third, possessing it, knowing it to have been stolen.

The first and third counts were dismissed by the court. The trial on the second count resulted in defendant's conviction. An appeal on questions of law is taken from the judgment of the Common Pleas Court of Hamilton county, predicated upon the verdict.

The contention of the defendant is that the evidence showing he was given permission to use the car for definite purposes, his later unauthorized use of the car for his own purposes does not justify a conviction under the provisions of Section 12619, General Code. This statute provides in part, that "whoever purposely takes, drives or operates any motor vehicle without the consent of the owner thereof" shall be punished as therein provided.

When the defendant departed from the use of the car for which the consent and permission of his employer had been given, and thereafter proceeded to use the car for his own purposes entirely dissociated with any business of his employer, he most certainly drove and operated it without the consent of the owner.

No one would claim that the owner could be held accountable for any harm resulting from the operation of the vehicle after the defendant proceeded upon his own affairs, which incidentally the evidence shows was to use it to convey himself and several acquaintances

upon an extended carousal—ending on the following day. No consent or permission to so use the vehicle may be inferred or implied from the original consent to use it for lawful purposes connected with the master's business.

The original taking of the car may in one sense be considered lawful—even so, the driving and operating were unlawful and in violation of the statute, as such procedure was wholly without the consent of the owner. The provisions of the statute are in the disjunctive and severable. In another sense, however, when the defendant proceeded upon his misuse of the car, employing it for his own purposes, and for reasons entirely separate from the use originally permitted, this in itself constituted a taking as well as a driving and operation without the consent of the owner.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

HILDEBRANT and MATTHEWS, JJ., concur.