### UNITED STATES v. ONE 1941 CHRYSLER BROUGHAM SEDAN.

#### No. 6583.

District Court, E. D. Michigan, S. D.
Dec. 15, 1947.

mobile under Sections 781 and 782 of Title 49 U.S.C.A., the claimant, Harry Tennyson, Jr., doing business as the Auto-Truck Rental Company, does not challenge the Government's proof that the automobile seized was used by one Henry Schultz to possess and conceal contraband narcotics with the intent to sell them in violation of the Federal narcotic laws and regulations, or that there was probable cause to institute the forfeiture proceeding. Further, the claimant acknowledged upon the conclusion of the trial that this is a proceeding in rem against the car to which the law ascribes a power of complicity and guilt in the offense, and that the forfeiture is considered as directed against the thing itself and not merely the possessor's interest in it. Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; United States v. One Ford Coupé, Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025; United States v. Pacific Finance Corporation, 2 'Cir., 110 F·2d 732; United States v. One 1946 Plymouth Sedan, D.C., 73 F.Supp. 88.

Claimant submits that no forfeiture should be ordered because of the exemption [1] appearing in Section 782, supra, in that the automobile when seized was unlawfully in the possession of Schultz who acquired possession thereof in violation of the Penal Code of the State of Michigan, viz., Sections 356,[2] 413,[3] and 414[4] of Act 328, Public Acts of Michigan 1931, Comp.Laws Supp.Mich·1935, secs. 17115-356, 17115-413, 17115-414, Mich.Stat.Ann. Secs. 28.588, 28,-645, 28.646, relating respectively to larceny,

Thomas P. Thornton, U. S. Atty., and Vincent Fordell, Asst. U. S. Atty., both of Detroit, Mich., for plaintiff.

Leo H. Robb and Robb & Robb, all of Detroit, Mich., for claimant·

LEVIN, District Judge.

In this libel by the United States of America for the forfeiture of an auto-

---

[1] Section 782, 49 U.S.C.A. " * * * Provided, further, That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State."

[2] Section 356 of Act 328, Public Acts of Michigan 1931, Sec. 28.588, Mich. Stat.Ann. "Larceny; property subject to; value, degree of crime.—Any person who shall commit the offense of larceny, by stealing, of the property of another, any money, goods or chattels, or any

bank note, bank bill, bond, promissory note, due bill, bill of exchange or other bill, draft, order or certificate, or any book of accounts for or concerning money or goods due or to become due, or to be delivered, or any deed or writing containing a conveyance of land, or any other valuable contract in force, or any receipt, release or defeasance, or any writ, process or public record, if the property stolen exceed the value of fifty dollars, shall be guilty of a felony, punishable by imprisonment in the state prison not more than five years or by fine of not more than two thousand five hundred dollars. If the property stolen shall be of the value of fifty dollars or less, such person shall be guilty of a misdemeanor."

[3] Section 413 of Act 328 Public Acts

to taking possession of and driving away a motor vehicle and to taking or using a motor vehicle without authority but without intent to steal.

In considering the larceny statute, Section 356, supra, attention is directed to the language of the statute, "larceny, by stealing". Was the automobile in question stolen from the claimant? Schultz had rented the vehicle from the claimant upon the representation that he was a dealer in surplus war materials and that the automobile was required in his business. He gave the names of three individuals as references and signed a printed form agreement which provided in part as follows: "Renter agrees not to use said vehicle * * * in violation of any Federal, State or Municipal Law, ordinance, rule or regulation governing the use or return thereof * * * Renter further expressly agrees to indemnify the Insurance Company for any and all loss, damage, cost and expense paid or incurred by the Insurance Company * * * because of injuries or damages resulting from the operation of said vehicle in violation of any of the following terms or conditions; * * * in violation of any of the terms of the rental agreement; * * * outside of the scope of the driver's employment in the usual course of the trade, business, profession or occupation of the renter; * * * and or any illegal purpose."

 This was a simple bailment for hire and gave the bailee the sole custody and control of the automobile during the term of the rental. His possession was a lawful one and he was entitled to hold it against third persons· Justice Holmes in his treatise on the Common Law, pp. 175, 239, said, "All bailees from time immemorial have been regarded by the English law as possessors, and entitled to the possessory remedies." "The facts constituting possession generate rights as truly as do the facts which constitute ownership, although the rights of a mere possessor are less extensive than those of an owner." The claimant herein contends, however, that since the automobile was obtained from him by false and fraudulent pretenses, a larceny may be spelled out. The distinction between the crime of larceny and obtaining property by false pretenses in many cases may be very narrow, but the rule is well defined, nevertheless. The distinction has been stated to be as follows:

 "In larceny the owner of the thing stolen has no intention to part with his property therein; in false pretenses the owner does intend to part with his property in the thing but this intention is the result of fraudulent contrivances." Zink v. People, 77 N.Y. 114, 121, 33 Am.Rep. 589, cited with approval in People v. Martin, 116 Mich. 446, 74 N·W. 653. Under the common law it is clear that there can be no larceny without a trespass and that it is necessary to show a taking against the consent of the owner. Schultz having had possession of the automobile under a claim of right, cannot be deemed guilty of

of Michigan 1931, Sec. 28.645, Mich. Stat.Ann. "Taking possession of and driving away a motor vehicle.—Any person who shall, wilfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such taking possession, driving or taking away of any motor vehicle, belonging to another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than five (5) years."

4 Section 414 of Act 328 Public Acts of Michigan 1931, Sec. 28.646, Mich.Stat. Ann. "Use of motor vehicle without authority, but without intent to steal.—Any person who takes or uses without authority any motor vehicle without intent to steal the same, or who shall be a party to such unauthorized taking or using, shall upon conviction thereof be guilty of a misdemeanor, punishable by imprisonment in the state prison for not more than two years or by a fine or (of) not more than one thousand dollars: Provided, That in case of first offense the court may in its discretion reduce the punishment to imprisonment in the county jail for a term of not more than three months or a fine of not more than one hundred dollars: Provided further, That the provisions of this section shall be construed to apply to any person or persons employed by the owner of said motor vehicle or any one else, who, by the nature of his employment, shall have the charge of or the authority to drive said motor vehicle if said motor vehicle is driven or used without the owner's knowledge or consent."

larceny since felonious intent to deprive the owner permanently of his property is an essential element of the crime of larceny. Such intent has not been proved. The cited larceny statute is therefore inapplicable. People v. Shaunding, 268 Mich. 218, 219, 255 N.W. 770. In United States Fidelity & Guaranty Co. et al. v. Peoples Bank & Trust Co. of Westfield, 3 'Cir., 79 F.2d 642, 644, involving the interpretation of a New Jersey larceny statute, the Court said: "Larceny implies theft and not fraud. At common law, larceny was defined as the felonious taking of the property of another with the intent to convert it to the use of the taker. 2 Leach 1089; 4 Bla.Com. 229. * * * Thus, to constitute larceny, there must be a taking against the consent of the owner; and the taking will not be larceny if consent be given although obtained by fraud. Lewer v. Commonwealth, 15 Serg. & R. (Pa.) 93; 2 Bishop on Criminal Law (9th Ed.) § 808; 36 C.J. 777, § 139; 2 Wharton on Criminal Law (11th Ed.) § 1152, p. 1374."

 Section 413 has no application because Schultz obtained possession of the automobile with the consent of the owner. He did not come into possession without authority, even assuming such authority was obtained by misrepresentation as to the intended use of the automobile. People v. Smith, 213 Mich. 351, 182 N.W. 64·

 Claimant contends that the case of People v. Smith just referred to, ought to be most persuasive in granting him relief because of the alleged violation by Schultz of Section 414. In that case, defendant Smith, a garage owner in whose care an automobile had been left, was charged with a violation of the statute relating to taking possession of and driving away a motor vehicle. In reversing the conviction on the ground that defendant could not be charged with such a taking because the vehicle had previously been placed in his possession, the court did observe that the case against defendant fell within the provisions of what is now designated as Section 414 of the statute relating to taking or using a motor vehicle without authority but without intent to steal.

The factual situation in the case, however, is not analogous to the case at bar. Defendant Smith was without authority to use the car for any purpose. The words, "uses without authority," as they appear in Section 414 must be read in the light of the entire enactment and cannot be given the meaning uses in excess of authority. The provisions of such statutes as Sections 413 and 414 are not designed to punish one who obtains consent of the owner to take and operate his motor vehicle by misrepresentations or for a fraudulent purpose. They are directed against one who takes possession of such a vehicle without the consent of the owner. State v· Boggs, 181 Iowa 358, 164 N.W. 759; State v. Mularkey et al., 195 Wis. 549, 218 N.W. 809.

Claimant's remedy would appear to be an administrative appeal by application to the Secretary of the Treasury, as provided for in Title 19 U.S.C.A. § 1618· United States v. One 1941 Plymouth Tudor Sedan, 10 Cir., 153 F.2d 19; United States v. One 1946 Plymouth Sedan, supra.

Judgment for the forfeiture will be entered in accordance with the libel of the plaintiff.