[No. 3324-2. Division Two. May 1, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. MELVIN L. RAY, *Appellant*.

*Kathryn D. Fewell,* for appellant (appointed counsel for appeal).

*C. Danny Clem, Prosecuting Attorney,* for respondent.

SOULE, J.—Defendant was convicted in Kitsap County District Court of carrying a loaded pistol in his automobile. Upon appeal to the superior court, his conviction was affirmed. He now appeals to this court primarily upon the basis that the statute under which he was convicted, RCW 9.41.050, is unconstitutionally vague.

On January 25, 1977, defendant's automobile was stopped by a Kitsap County Deputy Sheriff for a speeding violation. As the deputy approached the vehicle, he noticed a pistol located on a shelf below the glove compartment of the car. An examination of this weapon revealed it to be loaded. Consequently, defendant was placed under arrest for a violation of RCW 9.41.050 which reads as follows:

> No person shall carry a pistol in any vehicle unless it is unloaded or carry a pistol concealed on his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided.

Defendant was in possession of a license which permitted the carrying of a concealed weapon. It is his contention that the statute is impermissibly vague because it is unclear on its face as to whether the license exception language pertains to carrying a loaded pistol in a vehicle as well as to carrying it concealed on one's person. We disagree and affirm the conviction.

█ The due process clauses of the Fifth and Fourteenth Amendments require a penal statute to be certain and definite in its terms so as to impart fair notice of what conduct

is sought to be proscribed by its enactment. *Grant County v. Bohne,* 89 Wn.2d 953, 577 P.2d 138 (1978); *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 501 P.2d 290 (1972), *appeal dismissed,* 411 U.S. 945, 36 L. Ed. 2d 406, 93 S. Ct. 1927 (1973). This requirement rests upon the basis that fundamental fairness demands that a citizen be able to determine how to adjust his conduct so as to remain within the perimeters of the law.[1] Consequently, this constitutional infirmity of vagueness is said to exist where

> [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, . . .

*State v. Reader's Digest Ass'n, supra* at 273 (quoting from *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 70 L. Ed. 322, 46 S. Ct. 126 (1926)).

In applying this standard for vagueness, a court does not blind itself to reality by viewing the statutory provision in a vacuum, but will examine it in conjunction with the other provisions of the act, *State v. Carter,* 89 Wn.2d 236, 570 P.2d 1218 (1977), and in light of the evident intent of the legislature. *Spokane v. Vaux,* 83 Wn.2d 126, 516 P.2d 209 (1973).

██ According to the express terms of the statute, the license specified is that "as hereinafter provided." Thus, of necessity, the statute must be read in conjunction with that statute which "hereinafter" provides for the issuance of such licenses, RCW 9.41.070. A reading of this latter statute reveals that the only license which can be issued or obtained is one solely for the purpose of carrying the "pistol concealed on his person." The statute does not make any provision for a license authorizing the carrying of a loaded weapon elsewhere in a vehicle. Therefore, when the two statutes are read together, as is expressly intended by

---

[1]The counterpart of this basis is that the definiteness of a statute provides the ascertainable standards for adjudication so as to prevent the arbitrary enforcement of the statute by police, judges and juries. *State v. Carter,* 89 Wn.2d 236, 570 P.2d 1218 (1977).

RCW 9.41.050, a man of common intelligence need not guess as to its meaning but may regulate his conduct by reference to the statutes specified.

Further, an examination of the legislative history of this statute reveals a clear legislative intent to restrict the license language to the carrying of a concealed weapon on one's person. Prior to 1961, RCW 9.41.050 provided for the license language to modify both "vehicle" and "person." *State v. Olsen,* 43 Wn.2d 726, 263 P.2d 824 (1953). Similarly, RCW 9.41.070 provided for the issuance of two kinds of licenses, one for carrying a loaded pistol in a vehicle and one for carrying it concealed on one's person. However, in 1961 the legislature amended both of these statutes. The former was amended so as to insert the language which now follows the word "vehicle," *i.e.,* "unless it is unloaded," thereby interposing and distinguishing the vehicular exception from that which pertains to the person. Likewise, the latter statute was amended so as to delete that language which previously had authorized the issuance of a license for the carrying of a pistol in a vehicle. The clear legislative intent is to permit the carrying of a pistol in a vehicle only if the pistol is unloaded or the pistol is carried on the person of an individual who has a license therefor.[2]

▇ This construction of the statutes does not ignore the proposition that penal statutes are to be strictly construed. Penal statutes are to be construed in light of their evident intent and purpose which in turn must be ascertained from a consideration of the act as a whole. *State v. Rinkes,* 49 Wn.2d 664, 306 P.2d 205 (1957). The obvious intent according to these standards is to restrict the license

---

[2]We recognize that WPIC 133.03 incorporates the same mistaken interpretation of the statute as did defendant. However, that instruction merely suggests an interpretation of the statute and does not have any binding effect upon this court. The mere fact that there may be two possible interpretations of a statute does not render it per se unconstitutionally vague. *Spokane v. Vaux,* 83 Wn.2d 126, 516 P.2d 209 (1973); *In re Davis,* 242 Cal. App. 2d 645, 51 Cal. Rptr. 702 (1966). Any possible ambiguity in the statute was vitiated by its express reference to the issuance statute RCW 9.41.070 which in turn, clearly specified the only type of license available.

exception solely to the carrying of the pistol concealed on one's person. This court will not construe this statute in the manner for which defendant contends because such a forced, narrow and overly strict construction would defeat the obvious intent of the legislature. *State v. Rinkes, supra.*

Finally, defendant contends that even if the statute does not suffer from the infirmity of vagueness, it nevertheless must be construed so that the qualifying language concerning a license refers to the last antecedent. *Davis v. Gibbs,* 39 Wn.2d 481, 236 P.2d 545 (1951). We have no quarrel with this as a proposition of law, but we fail to see what assistance it offers to defendant. First, this rule is stated as follows:

> *Where no contrary intention appears in a statute,* relative and qualifying words and phrases, both grammatically and legally, refer to the last antecedent.

(Italics ours.) *Davis v. Gibbs, supra* at 483; *Woodson v. State,* 22 Wn. App. 499, 589 P.2d 828 (1979). As set out above, a contrary intention does appear in the statute. Secondly, the last antecedent to which the phrase could refer without impairing the meaning of the sentence is the word "person" and not "vehicle." *See Caughey v. Employment Security Dep't,* 81 Wn.2d 597, 602, 503 P.2d 460, 56 A.L.R.3d 513 (1972); *State v. Bureau,* 8 Wn. App. 622, 626, 509 P.2d 105 (1973).

Defendant's conviction is affirmed.

REED, A.C.J., and JOHNSON, J. Pro Tem., concur.