[No. 47631–4.   En Banc.   January 7, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. JACK NORMAN CLARK, *Appellant*.

*Paul D. Fitzpatrick* (of *Lyon, Beaulaurier, Aaron, Weigand, Suko & Gustafson*), for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *John C. Monter, Deputy*, for respondent.

WILLIAMS, J.—In this case, we must decide whether appellant Jack Norman Clark, who initially gained permission to take an automobile, may be convicted of "joyriding" under RCW 9A.56.070 where he exceeded the scope of the

permission given. Since we hold that appellant was improperly charged under this statute, we reverse his conviction.

Appellant first became acquainted with Dennis Noll, the alleged victim, in August of 1978. On November 1, 1978, Noll again met appellant on the streets of Yakima and offered to let him stay the evening at his (Noll's) residence. The next morning, Noll permitted appellant to use his automobile. Noll testified that he placed certain limitations on appellant's use of his car: to see his probation officer, inquire about a job, and return the car at noon. Appellant testified that Noll told him to use the car as if it were his own and to take care of his problems, the largest being a misunderstanding with his girlfriend in Colorado. Later that same morning, Noll saw appellant driving the automobile southbound out of Yakima. The car was not returned to Noll's place of employment at noon. Noll reported the car stolen later that afternoon.

Appellant drove the car to Denver, Colorado, to see his girlfriend. He testified that had Noll imposed restrictions on his use of the car, he would not have gone to Denver. He further testified that upon his arrival in Denver he phoned Noll, informed him of his whereabouts and that of his car, and that he was financially unable to return the car to Yakima.

Noll finally located his car in December of 1978 in Wheatridge, Colorado. The car had been towed to a wrecking yard and was in storage there. Appellant was eventually apprehended in Wyoming and returned to Yakima County approximately 1 year after the alleged incident.

Appellant was charged with taking a motor vehicle without permission of the owner. The case was tried to a jury which returned a verdict of guilty. This case is before us upon certification from the Court of Appeals, Division Three, to determine the applicability of RCW 9A.56.070 to the above facts.

RCW 9A.56.070(1) reads as follows:

(1) Every person who shall *without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle,* whether propelled by steam, electricity, or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of taking a motor vehicle without permission.

(Italics ours.) This statute is commonly known as the "joy-riding statute". The question of whether "without permission" also includes exceeding the scope of permission granted is one of first impression in this state.

In analyzing RCW 9.54.020, the predecessor to RCW 9A.56.070, the following was held to constitute a prima facie case under the statute:

It is only necessary to show that the automobile did not belong to the appropriator and that it was intentionally taken without permission of the person entitled to possession at the time of the taking; ownership, right to possession or permission to use may be asserted as an affirmative defense. *State v. Nelson,* 63 Wn.2d 188, 386 P.2d 142 (1963).

*State v. Solomon,* 5 Wn. App. 412, 421, 487 P.2d 643 (1971). It is not necessary to prove a larcenous taking since intent to permanently deprive is not an element of the crime. *State v. Nelson,* 63 Wn.2d 188, 190, 386 P.2d 142 (1963). At trial, appellant asserted the affirmative defense of permissive use. The State now argues that the question of whether appellant had permission to use the vehicle was a factual question for the jury to decide. Actually, the question is whether the statutory language of RCW 9A.56-.070 can be construed to cover the situation in this case. This is a case of statutory construction involving the meaning of a word within a statute and is solely within the province of this court. *See State ex rel. Humiston v. Meyers,* 61 Wn.2d 772, 777, 380 P.2d 735 (1963).

We find the legislative history of the original version of the joyriding statute, Laws of 1915, ch. 155, § 1, p. 459, and the revised version of the same statute, Laws of 1919, ch. 64, § 1, p. 131 (changing crime from gross misdemeanor to a felony) to be unhelpful, since the question of whether exceeding the scope of permission violated the statute was not addressed by either the House or Senate. Neither is it helpful to supplement the statute by reference to other areas of the law, *e.g.*, insurance law, since such interpretations are based upon entirely different considerations. We can gain some guidance, however, by examining case law from other jurisdictions. Four such cases have come to our attention.

In *State v. Boggs,* 181 Iowa 358, 164 N.W. 759 (1917), a statute similar to the one at issue here was considered. In that case, the defendant obtained consent from the owner to use an automobile for "fifteen or twenty minutes". *Boggs,* at 360. Instead, he and some companions took the car around town, then to another town and abandoned it there. In holding the statute inapplicable to those circumstances, the court noted:

> As stated by the court, the gist of the offense is the taking and operating, or causing a motor vehicle to be taken or operated, by another without the consent of the owner. *The statute was not designed to punish one who, by misrepresentation or for a fraudulent purpose, obtains consent of the owner to take and operate his motor vehicle, but one who takes possession thereof without permission or consent of the owner.*

(Italics ours.) *Boggs,* at 361.

*People v. Alaboda,* 198 App. Div. 41, 189 N.Y.S. 464 (1921), involved slightly different circumstances in that the defendant originally rented a car but failed to return it. He was prosecuted for larceny. Although larceny would require proof of intent to permanently deprive, the court analyzed the case more from the perspective of a breach of contract. The court noted that such conduct was not an offense against society until the legislature clearly indicates that it

is criminal, since statutes in contravention of the common law are to be strictly construed. The conviction was reversed.

In *State v. Mularkey,* 195 Wis. 549, 218 N.W. 809 (1928), the Wisconsin Supreme Court relied heavily on the Iowa Supreme Court's decision in *Boggs.* The court held there was no violation of the Wisconsin joyriding statute where the defendant had lawfully obtained the owner's consent to use his automobile and then made an unauthorized or extended use of the car. The substance of the offense aimed at by the Wisconsin statute was the "obtaining of the possession in the first instance without the consent of the owner." *Mularkey,* at 551.

In contrast to the above three cases, *State v. Williams,* 74 Ohio App. 370, 59 N.E.2d 58 (1943), held the Ohio statute applicable under slightly different circumstances. *Williams* involved a master–servant relationship whereby the employee used his employer's automobile for personal errands, in excess of the permission granted by the employer. In upholding the conviction, the court stated:

> When the defendant departed from the use of the car for which the consent and permission of his employer had been given, and thereafter proceeded to use the car for his own purposes entirely dissociated with any business of his employer, he most certainly drove and operated it without the consent of the owner.

*Williams,* at 371.

Penal statutes are to be strictly construed to the end that activities not intended to be included within the ambit of the statute shall not be prosecuted. *State v. Dixon,* 78 Wn.2d 796, 479 P.2d 931 (1971); *State v. Ray,* 23 Wn. App. 238, 241–42, 595 P.2d 56 (1979); *State v. Brown,* 8 Wn. App. 639, 643, 509 P.2d 77 (1973). At the same time, however, the court will not construe statutes in a forced, narrow, or overly strict manner so as to defeat the obvious intent of the legislature. *State v. Rinkes,* 49 Wn.2d 664, 667, 306 P.2d 205 (1957); *State v. Ray, supra* at 242.

Although no legislative history is available from

which to discern the statute's intended reach, we are persuaded that the rule enunciated in *Boggs* and *Mularkey* is the better–reasoned interpretation of joyriding statutes in general and RCW 9A.56.070(1) in particular. Instead of charging the appellant with the crime involved in this case, the prosecutor should have charged him with theft under RCW 9A.56.020(1)(a). That section defines theft as wrongfully obtaining or exerting unauthorized influence over the property of another with intent to deprive him of such property. The phrases "wrongfully obtain" or "exert unauthorized control" are defined to mean:

(a) To take the property or services of another; or

(b) *Having any property or services in one's possession, custody or control as bailee,* factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian, or officer of any person, estate, association, or corporation, or as a public officer, or person authorized by agreement or competent authority to take or hold such possession, custody, or control, *to secrete, withhold, or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto;*

(Italics ours.) RCW 9A.56.010(7)(a) and (b). We think the appellant was clearly a bailee of Noll's vehicle since he was entrusted with the car to do certain errands and return. Also, the above theft statute clearly covers the appellant's conduct without having to interpret RCW 9A.56.070(1) expansively. It would seem logical that RCW 9A.56.070(1) is intended only to prevent the initially unauthorized use of a vehicle. Otherwise, the theft statute and the joyriding statute would proscribe the same conduct, yet a defendant potentially could suffer a different penalty depending on which crime was charged. We do not believe such an overlap between RCW 9A.56.020 and RCW 9A.56.070(1) was intended by the legislature. If we were to accept the State's argument that exceeding the scope of permission is violative of RCW 9A.56.070(1), we would be forced to arrive at absurd results. For instance, if a person takes a car with the owner's permission, then exceeds that permission to some

degree, we would be compelled to find him guilty even if he returns the car to the owner. We cannot believe the legislature intended such a result.

Since we hold that once a person obtains permission to use an automobile he cannot violate RCW 9A.56.070(1) even if he exceeds the scope of that permission, the appellant was improperly charged under the statute in question. We therefore reverse his conviction.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, DORE, and DIMMICK, JJ., concur.

HICKS, J. (dissenting)—I dissent. If I give permission to someone to use my automobile until noon within the city of Yakima and I find it abandoned some weeks later in Wheatridge, Colorado, I have no difficulty in determining that the vehicle was taken without my permission. In this case, however, the majority says the thief goes free because the wrong statute was selected under which to charge. In my mind, there is no question that appellant Clark took Dennis Noll's car without his permission. That is how Clark was charged and that is what the jury found. I would affirm the judgment entered by the trial court.