[Cite as *State v. Stiver*, 2021-Ohio-3713.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-210228 |
|  |  | C-210229 |
| Plaintiff-Appellee, | : | TRIAL NOS. C-21CRB-3357 A-B |
| vs. | : |  |
|  |  | *O P I N I O N.* |
|  | : |  |
| MATTHEW STIVER, |  |  |
| Defendant-Appellant. | : |  |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal:  October 20, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney*,* and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann,* Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Presiding Judge.**

{¶1} A spat between defendant-appellant Matthew Stiver and his then-girlfriend, Amber Ramsey, escalated to the precipice of violence, and resulted in Mr. Stiver's convictions for domestic violence and unauthorized use of a vehicle. Mr. Stiver now appeals, challenging the weight and sufficiency of the evidence supporting these convictions. We, however, see nothing in the record that would raise serious doubt as to the weight or sufficiency of the evidence supporting his convictions and, accordingly, affirm the trial court's judgment.

I.

{¶2} This case stems from an altercation at a local fast food restaurant between two significant others who worked there together—Mr. Stiver and Ms. Ramsey. On the date in question, for unknown reasons, Mr. Stiver and Ms. Ramsey feuded throughout the duration of their shifts, with the acrimony slowly simmering. Mr. Stiver persistently demanded that Ms. Ramsey relinquish her cell phone, but she kept it from him by passing it between other employees and hiding it in various nooks and crannies around the restaurant. Without access to the phone, Mr. Stiver's suspicions deepened, and his mood darkened as he grew more and more agitated.

{¶3} Eventually, Mr. Stiver's frustrations boiled over, and he lunged at Ms. Ramsey. Fortunately, another employee intercepted him, restraining Mr. Stiver before he could assault her. Ms. Ramsey testified that, during this fracas, Mr. Stiver uttered something along the lines of "if I was not being held back, you would be sorry." He attempted to overpower the employee and advance towards Ms. Ramsey, but when those efforts failed, he stormed out of the building.

{¶4} Earlier during her shift, concerned based on Mr. Stiver's volatility, Ms. Ramsey contacted her father and alerted him to the situation. This prompted her father to

drive over to the restaurant, arriving just in time to see Mr. Stiver drive away. Undisputed testimony established that Ms. Ramsey's father owned the vehicle in which Mr. Stiver drove away. Ms. Ramsey's father claims that he gave his daughter permission to drive the vehicle, but says that he forbid Mr. Stiver from driving the vehicle on multiple occasions.

{¶5} At a bench trial, Mr. Stiver was convicted of domestic violence and unauthorized use of a vehicle on these facts. On appeal, he challenges the weight and sufficiency of the evidence.

II.

{¶6} Mr. Stiver's sole assignment of error challenges the weight and sufficiency of the evidence supporting his convictions for domestic violence and unauthorized use of a vehicle.

{¶7} In reviewing whether the conviction runs counter to the manifest weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We will reverse the trial court's decision to convict and grant a new trial only in " 'exceptional cases in which the evidence weighs heavily against the conviction.' " *State v. Sipple*, 2021-Ohio-1319, 170 N.E.3d 1273, ¶ 7 (1st Dist.), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶8} On the other hand, "[t]o determine whether a conviction is supported by sufficient evidence, 'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶ 12, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

A.

{¶9} The trial court convicted Mr. Stiver under R.C. 2919.25(C), which reads "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause *imminent physical harm* to the family or household member." (Emphasis added.)

{¶10} For Mr. Stiver's manifest weight challenge, he features minor inconsistencies between the witnesses' testimony on the time the altercation occurred, the distance between the couple during the altercation, and the position of other employees at the time. We do not believe that any of these inconsistencies rise to a level requiring reversal. Although the position of other employees in the restaurant and distance between the couple might have some bearing on the trial court's finding that the "imminent physical harm" requirement was met, these inconsistencies merely raise peripheral credibility determinations that the trial court could resolve based on the totality of the evidence. *See State v. Ham*, 1st Dist. Hamilton No. C-170043, 2017-Ohio-9189, ¶ 21 ("[I]t is well settled law that matters as to the credibility of witnesses are for the trier of fact to resolve."). Mr. Stiver fails to demonstrate that any inconsistencies between the witnesses' testimony weigh heavily against a conviction and we, therefore, overrule the manifest weight challenge to his domestic violence conviction.

{¶11} Mr. Stiver also attacks the sufficiency of the evidence regarding the imminent physical harm requirement because his threat was conditional—"if I were not being held back, you *would* be sorry." In light of the conditional nature of the threat, his reasoning goes, Ms. Ramsey could not have believed that she would imminently suffer physical harm.

{¶12} As a threshold matter, Ms. Ramsey did not testify that Mr. Stiver used the conditional words "would be sorry" verbatim. Instead, Ms. Ramsey testified on cross-examination that Mr. Stiver "pretty much" said the "same thing." But on direct

4

examination, Ms. Ramsey answered affirmatively when asked whether Mr. Stiver said "will be sorry." The state maintains that whether Mr. Stiver threatened "would be sorry" or "will be sorry," the imminent physical harm requirement would be met based on the factual backdrop at hand. We agree.

{¶13} It is true that a conditional threat alone may not suffice to meet the imminent physical harm requirement. *See State v. Collie*, 108 Ohio App.3d 580, 582-583, 671 N.E.2d 338 (1st Dist.1996) ("Unlike the menacing laws, this provision of the domestic violence statute contains the element of 'imminence.' 'Imminent' means 'threatening to occur immediately.' "), quoting *Webster's Second International Dictionary* 1245 (1959). But a conditional threat that coincides with an overt physical act may satisfy the imminent physical harm requirement. *City of Cincinnati v. Baarlaer*, 115 Ohio App.3d 521, 527, 685 N.E.2d 836 (1st Dist.1996). In *Baarlaer*, the defendant shoved the victim against a door and said "if [the victim] opened [her] mouth that [the defendant would] kill [her]." *Id.* at 525. We held that "the combination of the threat and the violence caused [the victim] to believe that [defendant] would do what he threatened to do, *viz.,* that [defendant] would cause her imminent physical harm." *Id.* at 527. We distinguished *Baarlaer* from *Collie*, a case where the defendant remarked "if I had a gun, I would shoot you." *Id.*, citing *Collie* at 582. Since the defendant did not perform an overt act or have access to a firearm, the *Collie* court held that the state failed to establish that the victim believed she would suffer imminent physical harm. *Collie* at 582-583. Unlike in *Collie*, the *Baarlaer* court recognized that pushing the victim against a door combined with defendant's threat to kill supported the belief that defendant "could do at that moment what he said he intended to do." *Baarlaer* at 527.

{¶14} This case strikes us as much closer to *Baarlaer* than *Collie*. Given that Mr. Stiver's threat roughly coincided with his lunge towards Ms. Ramsey and attempts to move

towards her as he struggled to escape the clutches of the restraining employee, a rational trier of fact could conclude that Ms. Ramsey believed that he would imminently carry out his threat. Testimony showed that Mr. Stiver was using all of his strength to break free from this restraint, and that Ms. Ramsey appeared afraid during the midst of all of this. We hold that, under these circumstances and viewing the evidence in the light most favorable to the state, a rational trier of fact could conclude that Ms. Ramsey believed Mr. Stiver would imminently carry out his threat, even though this act would be conditional on Mr. Stiver breaking free from the employee's grasp. Accordingly, we overrule Mr. Stiver's challenge to the sufficiency of the evidence for his domestic violence conviction.

B.

{¶15} Mr. Stiver also claims that the prosecution presented insufficient evidence of his prior conviction for domestic violence in elevating the seriousness of the offense under R.C. 2919.25(D). Generally, "a violation of [R.C. 2919.25(C)] is a misdemeanor of the fourth degree." R.C. 2919.25(D)(2). However, "if the offender previously has pleaded guilty to or been convicted of domestic violence * * * a violation of division (C) of this section is a misdemeanor of the second degree." R.C. 2919.25(D)(3). The Supreme Court explains that "[b]y using the phrase 'pleaded guilty to' as an alternative to 'convicted of' " the legislature "has allowed the state to offer evidence of a defendant's guilty plea as proof of a prior offense of domestic violence. And no matter how the state chooses to prove this element, it must be proven beyond a reasonable doubt before the level of the offense may be increased." *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626, ¶ 11, quoting R.C. 2919.25(D)(4) (elevating the severity to first degree for two or more offenses of domestic violence). However, "[w]hen the state chooses to prove a prior offense not through a guilty plea, but via a conviction, and the defendant does not stipulate to the fact of the conviction, the judgment entry of conviction offered must contain the four elements described

6

in Crim.R. 32(C) * * * (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Id.* at ¶ 19-20, citing Crim.R. 32(C).

{¶16} The state does not suggest that the judgment entry complies with Crim.R. 32(C) nor that Mr. Stiver stipulated to the conviction. Instead, it points to the judgment entry as proving beyond a reasonable doubt that Mr. Stiver "has pleaded guilty to" domestic violence in a prior case. We agree that the state produced sufficient evidence to prove beyond a reasonable doubt that Mr. Stiver previously pled guilty to domestic violence. The entry reflects that Mr. Stiver was charged in 2019 under R.C. 2919.25. It identifies Mr. Stiver by his full name and date of birth. It also includes Mr. Stiver's plea of guilty along with the judge's signature. Although the entry does not include Mr. Stiver's sentence, which is required for proof of a prior conviction, no sentence is required to prove a prior guilty plea and, therefore, this entry suffices for a rational trier of fact to find that he previously pled guilty to domestic violence. *See id.* at ¶ 11. Accordingly, we overrule Mr. Stiver's challenge to his domestic violence conviction.

C.

{¶17} Finally, the trial court convicted Mr. Stiver of unauthorized use of a vehicle under R.C. 2913.03, which provides "[n]o person shall knowingly use or operate an aircraft, motor vehicle, motorcycle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent." Mr. Stiver's challenge to this conviction does not dispute the weight of the evidence. Instead, he protests the sufficiency of the evidence based on the notion that an operator of a motor vehicle has "the consent of the owner" to operate said motor vehicle whenever the operator merely exceeds the scope of the owner's consent.

{¶18} Mr. Stiver acknowledges, as he must, that the Supreme Court foreclosed this argument nearly thirty years ago. *State v. Rose*, 63 Ohio St.3d 585, 589, 589 N.E.2d 1315 (1992) ("Clearly, where an individual uses a motor vehicle beyond the scope of the owner's consent, he or she has violated R.C. 2913.03 because no consent has been given for the particular use."). Nevertheless, he insists that *Rose* was wrongly decided, suggesting that this court ought to ignore binding Supreme Court precedent. We, however, do not have the luxury of disregarding Supreme Court precedent that squarely decides the matter at hand, and Mr. Stiver marshals no additional authority (such as an intervening statutory change) that would point to a different result. His theory also would create numerous problems, as someone who offered their car to a friend to run down the street to a convenience store could thus be said to have condoned that friend embarking on a cross-country trek to California. Accordingly, we overrule Mr. Stiver's challenge to his conviction for unauthorized use of a motor vehicle.

\*        \*        \*

{¶19} For all of the foregoing reasons, we overrule Mr. Stiver's sole assignment of error and affirm the judgments of the trial court.

Judgments affirmed.

**CROUSE** and **WINKLER, J.J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion