[Cite as *State v. Lee*, 2025-Ohio-2744.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. Robert G. Montgomery, J. |
| -vs- | : | |
| | : | |
| MICHAEL LEE | : | Case No. 25-CAA-01-0002 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Court of Common
Pleas, Case No. 24 CRI 03 0207

JUDGMENT:       Affirmed

DATE OF JUDGMENT:       August 4, 2025

APPEARANCES:

For Plaintiff-Appellee

KATHERYN L. MUNGER
145 North Union Street
3rd Floor
Delaware, OH 43015

For Defendant-Appellant

WILLIAM R. CRAMER
1554 Polaris Parkway
Suite 325
Columbus, OH 43240

*King, J.*

{¶ 1}   Defendant-Appellant Michael Lee appeals the January 2, 2025 judgment of conviction and sentence of the Delaware County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On Friday, February 28, 2024, at 5:00 p.m., Lee rented a 26-foot box truck for 24 hours from a Budget Truck Rental business in Delaware County. When Lee picked up the truck, Chad Day, the dealer at Budget, informed Lee that he needed the truck back in a timely fashion as he had another reservation for it that weekend. Lee advised he would likely return the truck that evening, and if not, first thing the following morning.

{¶ 3}   Lee failed to return the truck as promised. Day contacted Lee who stated he would return the truck that day, after hours. Day advised an after-hours return was not acceptable and that the truck had to be returned by 5:00. Again, Lee failed to return the truck. Lee maintained possession of the truck for a month before Day contacted police and reported the truck stolen. The truck was entered into a national stolen vehicle database. The Budget corporate office sent a certified letter to Lee, but the letter was returned as undeliverable. The office also sent emails to the email address provided by Lee attempting to recover the truck without success. While the truck was in Lee's possession, per the terms of the contract he signed, he was charged for the additional days as well as a late charge.

{¶ 4}   On April 4, 2024, a traffic camera in Willoughby, Ohio captured the truck's license plate. Willoughby Police Department Officer Disanto was nearby and received notification of the stolen vehicle. Disanto located the truck and initiated a traffic stop. Lee

acted surprised when told he was pulled over because the truck was reported stolen. Lee was arrested and the truck was returned to Day.

{¶ 5}    On April 24, 2024, the Delaware County Grand Jury returned an indictment charging Lee with one count of grand theft of a motor vehicle pursuant to R.C.2913.02(A)(2) and one count of unauthorized use of a motor vehicle pursuant to R.C. 2913.03(B).

{¶ 6}    Lee pled not guilty to the charges and elected to proceed to a jury trial which took place on October 24, 2024. The state presented testimony from Day and two police officers and Lee testified on his own behalf. On the charge of unauthorized use, Lee asserted the affirmative defense that he had a reasonable yet mistaken belief that he was authorized to continue to use the truck because Budget continued to charge his credit card.

{¶ 7}    After hearing the evidence and deliberating, the jury acquitted Lee of grand theft of a motor vehicle, but convicted him of unauthorized use of a motor vehicle. Lee was subsequently sentenced to eight months of incarceration and ordered to make restitution to Budget.

{¶ 8}    Lee filed an appeal and the matter is now before this court for consideration. He raises three assignments of error as follow:

I

{¶ 9}  "APPELLANT'S DUE PROCESS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED BY A CONVICTION FOR UNAUTHORIZED USE OF A MOTOR VEHICLE BASED ON INSUFFICIENT EVIDENCE

BECAUSE THE RENTAL COMPANY CONTINUED TO CHARGE APPELLANT'S CREDIT CARD FOR THE USE OF THE RENTAL TRUCK."

## II

{¶ 10} "THE WEIGHT OF THE EVIDENCE DID NOT SUPPORT APPELLANT'S CONVICTION FOR UNAUTHORIZED USE OF A MOTOR VEHICLE BECAUSE THE RENTAL COMPANY CONTINUED TO CHARGE APPELLANT'S CREDIT CARD FOR USAGE OF THE RENTAL TRUCK."

## III

{¶ 11} "THE WEIGHT OF THE EVIDENCE DID NOT SUPPORT THE JURY'S REJECTION OF APPELLANT'S AFFIRMATIVE DEFENSE THAT HE HAD A MISTAKEN BUT REASONABLE BELIEF THAT HE WAS AUTHORIZED TO CONTINUE USING THE VEHICLE WHEN THE RENTAL COMPANY CONTINUED TO CHARGE APPELLANT'S CREDIT CARD FOR THE USE OF THE RENTAL TRUCK."

## I, II, III

{¶ 12} Because they are interrelated, we address Lee's assignments of error together. In these assignments of error, Lee argues his conviction for unauthorized use of a motor vehicle is against the manifest weight and sufficiency of the evidence, and that the jury's rejection of his affirmative defense was against the weight of the evidence. We disagree.

## Applicable Law

{¶ 13} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. *State v. Thompkins*, 78 Ohio St.3d 380, 387(1997) "While the test for sufficiency requires a

determination of whether the State has met its burden of production at trial, a manifest weight challenges questions whether the State has met its burden of persuasion." *Id*. at 390.

{¶ 14} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 15} Lee was charged with unauthorized use of a motor vehicle pursuant to R.C. 2913.03(B) which provides in relevant part "[n]o person shall knowingly use or operate a . . .motor vehicle . . . without the consent of the owner or person authorized to give consent, and either remove it from this state or keep possession of it for more than forty-eight hours."

{¶ 16} "R.C. 2913.03(B) prohibits the use or operation of a motor vehicle without, beyond, or after revocation of the owner's consent." *State v. Rose*, 63 Ohio St.3d 585 (1992), syllabus.

Lee's Arguments

{¶ 17} Lee asserted an affirmative defense pursuant to R.C. 2913.03(C)(1), arguing that at the time of the alleged offense, though mistaken, he reasonably believed he was authorized to use or operate the truck because Budget continued to charge his credit card.

{¶ 18} Evidence presented by the State demonstrated that Lee signed a contract with Budget which clearly stated the rental period of 24 hours and the date and time the truck was due back to Budget. State's exhibit 1. Further, Lee was aware that he was to return the truck the following day because Day told Lee he had another reservation for the truck that weekend and therefore needed it back as agreed. Lee advised he would have the truck back as soon as that night or at the latest, the following morning. Transcript of trial (T.) 166. When Lee failed to return the truck as agreed, Day called Lee who stated he was running late and would return the truck after hours. Day advised this was not acceptable and told Lee the truck had to be retuned by 5:00 p.m. T. 155-157. When Lee failed to return the truck per the terms of his agreement with Budget, and after being verbally told to return the truck, Lee was using the vehicle both beyond Budget's consent and after revocation of Budget's consent. We find this evidence was sufficient to prove Lee's unauthorized use of the vehicle. We further find the jury did not lose its was in so convicting Lee.

{¶ 19} Finally, we find the jury also did not lose its way in rejecting Lee's affirmative defense. Lee testified that because Budget continued to charge his credit card, he believed he remained authorized to use the truck. But as outlined above, the jury also heard from Day who testified Lee was aware of when the truck needed to be returned, failed to timely return it, and then continued to use the truck after being told directly by Day to return it. Simply because Budget engaged in an act of loss prevention by continuing to charge Lee's cars does not also mean Lee had Budget's consent to use the truck indefinitely.

{¶ 20} Lee's assignments of error are overruled.

{¶ 21} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: King, J.

Baldwin, P.J. and

Montgomery, J. concur.