[No. 44873. En Banc. April 20, 1978.]

GRANT COUNTY, *Appellant,* v. KENNETH L. BOHNE,
ET AL, *Respondents.*

*Paul Klasen, Prosecuting Attorney,* and *Ken Jorgensen, Deputy,* for appellant.

*William J. Plonske,* for respondents.

HAMILTON, J.—Grant County appeals the trial court's refusal to order removal of a mobile home from real property located in Grant County, Washington.

Respondents, Kenneth L. and Beulah Bohne, are owners of Grant County real property described as: Lot 8, Willow Acres (hereafter referred to as lot 8). In 1970 they considered purchasing a new mobile home. In order to place the home on lot 8, they applied for a variance from amended Grant County Zoning Ordinance § VII–B. That section incorporates the prohibition contained in section VI–B, which reads: "No buildings to be moved in on any lot in this district."

The variance was granted, and respondents received a building permit authorizing placement of a mobile home on lot 8. For personal reasons, which are not relevant here, respondents never utilized the 1970 permit but instead built a conventional home on lot 8.

Some years later, in 1975, respondents' parents contemplated purchasing a mobile home which they intended to move onto lot 8. Since the 1970 permit was not, at least on its face, limited in any way, respondents and their parents decided to utilize the permit and thus avoid the necessity of obtaining a new variance and building permit. However, when respondents began preparations for the placement of the mobile home on lot 8, they were informed by a county official that their actions were illegal. Respondents' parents then telephoned a county official and inquired about the continued validity of the 1970 permit. Apparently reassured by this telephone conversation, they went forward with placement of the mobile home on lot 8.

Appellant, Grant County, subsequently brought suit seeking removal of the mobile home. Respondents defended with claims that the county ordinance was unconstitutionally vague, an abuse of police power, and a violation of equal protection. Further, they argued that the 1970 permit was valid and that it authorized the placement of the mobile home. The trial court agreed with respondents on all theories.

Appellant urges that the court erred in reaching each conclusion. It argues first that the county ordinance meets constitutional standards ·of certainty and definiteness and therefore it is not unconstitutionally vague.

■ The concept of unconstitutional vagueness simply means that no prohibition can stand or penalty attach where an individual could not reasonably understand that his contemplated conduct is proscribed. *United States v. National Dairy Prods. Corp.,* 372 U.S. 29, 9 L. Ed. 2d 561, 83 S. Ct. 594 (1963). An ordinance which forbids an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application violates the essential of due process of law—fair warning. *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 501 P.2d 290 (1972); *Sonitrol Northwest, Inc. v. Seattle,* 84 Wn.2d 588, 528 P.2d 474 (1974); *Bellevue v. Miller,* 85 Wn.2d 539, 536 P.2d 603 (1975). This principle requires that ordinances contain ascertainable standards for adjudication in order to limit arbitrary and discretionary enforcement of the law. *Bellevue v. Miller, supra; State v. Carter,* 89 Wn.2d 236, 570 P.2d 1218 (1977).

■ In this case, unlike First Amendment cases, we are not concerned solely with whether the language of the ordinance is vague on its face. Rather, the language should be tested in light of the conduct of the person alleged to have violated the ordinance. *State v. Ralph Williams' North West Chrysler Plymouth, Inc.,* 82 Wn.2d 265, 510 P.2d 233, 59 A.L.R.3d 1209 (1973). And, impossible standards of specificity are not required. *Chicago, M., St. P. & Pac. R.R.*

*v. State Human Rights Comm'n,* 87 Wn.2d 802, 557 P.2d 307 (1976).

 The language of the ordinance with which we are concerned here provides: "No *buildings* to be moved in on any lot in this district." (Italics ours.) Respondents placed a mobile home on their lot in alleged violation of this ordinance. Persons of average intellect, however, would not reasonably understand this ordinance to prohibit mobile residences. On the contrary, since mobile homes are today commonplace and well–defined, a person of average intelligence would expect a prohibition against mobile homes to be clearly stated if, in fact, they are prohibited. When faced with a prohibition against "buildings", one would question whether or not a mobile home was prohibited and, ordinarily, persons would differ as to the application of the prohibition to mobile homes.

We hold, therefore, that amended Grant County Zoning Ordinance § VII–B is unconstitutionally vague as applied to mobile homes. As respondents contend, and we believe rightfully so, constitutional standards of definiteness dictate that Grant County must specify the conduct it seeks to prohibit with greater clarity than it has in this ordinance. Where the language of an ordinance creates a serious question regarding the inclusion of a certain prohibition, but alternative language is plainly available which would clarify doubt, we believe that failure to utilize such language is constitutionally infirm.

Not only would persons of common intelligence question whether this ordinance prohibits mobile homes, but it leaves to the discretion of local officials the substance of determining exactly *what* it prohibits. This clearly offends due process, as there can be no prior notice of a prohibition where officials have the discretion to make *ad hoc* determinations of prohibited activity. As counsel indicated at oral argument, this ordinance was used to prohibit the moving of buildings from a local military installation onto certain lots in Grant County. In this case the county uses the ordinance to exclude mobile homes. At some future point in

time, using this same ordinance, the county may attempt to prohibit prefabricated housing; but such *ad hoc* decision making would be inconsistent with due process. While we express no opinion on the constitutionality of any specific prohibition from a police power or equal protection standpoint, the decision to prohibit a type of housing may never be left to the whim of local officials. The county must provide ascertainable standards to guide local officials who enforce zoning ordinances in order to satisfy due process. In this case, an ordinance specifically excluding mobile homes would provide both notice and an ascertainable standard for enforcement. The infirmity of vagueness would thus be cured.

In light of our disposition of the vagueness issue, it is unnecessary for us to rule on the other constitutional issues raised by this appeal. Our reading of the Grant County Zoning Ordinance, as amended, however, leads us to conclude that we must consider the validity of the 1970 permit. This is so because it appears that a permit is necessary to place any structure on lot 8. *See* Grant County Zoning Ordinance § XVII.

Appellant contends that the variance which was the basis for the permit was granted to respondents on personal, economic hardship grounds. It argues that issuance of a permit based on such a variance is illegal. Thus, the permit is invalid.

Clearly, a variance may be lawfully granted only within the guidelines set forth in the zoning ordinance. *Lewis v. Medina,* 87 Wn.2d 19, 548 P.2d 1093 (1976). And, where a permit is shown to be issued in violation of an ordinance, it confers no rights on the holder. *Steele v. Queen City Broadcasting Co.,* 54 Wn.2d 402, 341 P.2d 499 (1959). However, there is a recognized presumption in favor of valid issuance, and the appellant in this case had the burden of showing that issuance of a permit was illegal. *State ex rel. Randall v. Snohomish County,* 79 Wn.2d 619, 488 P.2d 511 (1971); *State ex rel. Lyon v. Snohomish*

*County Bd. of Adjustment,* 9 Wn. App. 446, 512 P.2d 1114 (1973).

The record before us contains testimony establishing that at the time of the application for the variance respondents lived in a mobile home. They were led to believe they could continue to maintain a mobile home on lot 8, and they applied for a variance in order to place a new, larger mobile home on lot 8.

The record, however, contains no evidence of the actual grounds for granting a variance. Thus, in order for us to conclude that the 1970 granting of a variance to respondents was illegal, we would have to speculate on the reasoning behind it. This we decline to do, particularly in view of respondents' reliance on the permit and representations of county officials.

The county has simply failed to overcome the presumption of validity which attaches to the permit. We therefore hold the permit valid.

■ Appellant's further contentions regarding the validity of the permit are unsupported in its brief by argument or authority. Where no authorities are cited, the court may assume that counsel, after diligent search, has found none. We therefore do not consider points unsupported by argument or law. *In re Cassel,* 63 Wn.2d 751, 388 P.2d 952 (1964).

Accordingly, the judgment of the trial court is affirmed.

WRIGHT, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.