[No. 18112–2–I. Division One. August 5, 1987.]

THE TOWN OF CLYDE HILL, *Petitioner,* v. DUANE ROISEN, *Respondent.*

*Thomas W. Bingham* and *Powe, Housh, Bingham & Allen,* for petitioner.

*Jeff Belfiglio* and *Davis, Wright, Todd, Riese & Jones,* for respondent.

WILLIAMS, J.—The Town of Clyde Hill brought this action in district court against Duane Roisen for violation of a municipal ordinance prohibiting naturally grown fences exceeding 8 feet in height. Roisen was found guilty, with sentencing deferred on condition he remove six of the trees. The Superior Court dismissed the cause because the ordinance was unconstitutionally vague. We granted Clyde Hill's petition for discretionary review.

The pertinent provisions of the Clyde Hill Municipal Code are as follows:

> Constructed fences shall not exceed six feet in height measured from the original grade, except as permitted under Chapter 17.40 for recreational facilities. Whenever a fence is placed on top of a retaining wall, the height of the fence and the retaining wall together shall not exceed six feet as measured from the original grade, except as permitted under Chapter 17.40 for recreational facilities. Naturally grown fences shall not exceed eight feet in height as measured from the original grade.

CHMC 17.36.160 (part).

> A "fence" shall be any barrier which is naturally grown or constructed for purposes of confinement, means of protection or use as a boundary.

CHMC 17.08.200.

> When any word used in this title is not specifically defined in this chapter, its definition shall be that in *Webster's New International Dictionary of the English*

*Language* and where more than one definition is given, the most common nonprofessional usage shall govern. CHMC 17.08.010(c). CHMC 17.80.010 provides that violation of any provision of Title 17 is a misdemeanor. *See also* CHMC 1.08.010.

 The Supreme Court has said:

An ordinance is unconstitutional when it forbids conduct in terms so vague that persons of common intelligence must guess at its meaning and differ as to its application. *Myrick v. Board of Pierce Cy. Comm'rs*, 102 Wn.2d 698, 677 P.2d 140, 687 P.2d 1152 (1984); *Grant Cy. v. Bohne*, 89 Wn.2d 953, 577 P.2d 138 (1978). Such an ordinance violates the essential element of due process of law—fair warning. *State v. White*, 97 Wn.2d 92, 640 P.2d 1061 (1982); *State v. Reader's Digest Ass'n*, 81 Wn.2d 259, 501 P.2d 290 (1972), *appeal dismissed*, 411 U.S. 945 (1973). In the area of land use a court does not look solely at the face of the ordinance; the language of the ordinance is also tested in its application to the person alleged to have violated it. *Grant Cy. v. Bohne, supra*. The purpose of the void for vagueness doctrine is to limit arbitrary and discretionary enforcement of the law. *State v. White, supra; Grant Cy. v. Bohne, supra*.

*Burien Bark Supply v. King Cy.*, 106 Wn.2d 868, 871, 725 P.2d 994 (1986).

In enacting the ordinance, the town was bent on limiting the height of materials placed along a lot line for use as a fence. *Webster's Third New International Dictionary* 837 (1969) defines "fence" as "a barrier intended to prevent escape or intrusion or to mark a boundary". The ordinance defining a fence is essentially the same. Fences are common, and the definition supplied by the ordinance as well as the dictionary is straightforward. No guessing at its meaning is required, nor must persons of ordinary intelligence necessarily differ as to its application.

Roisen argues that he did not intend the trees to be a fence but, rather, to be a part of the yard landscaping. The ordinance is violated by the presence of a naturally grown fence over 8 feet in height, regardless of the specific intent of the owner. The court found, as the evidence shows, that

13 Douglas fir trees Roisen planted along the eastern border of his property created a barrier which confined the property and acted as a boundary to it.

Additional arguments raised by Roisen in his brief are insubstantial.

The judgment of the Superior Court is reversed and the cause remanded to the District Court for further proceedings in connection with sentencing.

RINGOLD, A.C.J., and WEBSTER, J., concur.

Reconsideration denied November 9, 1987.

Review granted by Supreme Court March 1, 1988.