IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Detention of: | ) | No. 38549-3-III |
| | ) | |
| P.R. | ) | UNPUBLISHED OPINION |
| | ) | |

PENNELL, J. — P.R. appeals a 180-day involuntary treatment order. We affirm.

FACTS

The State charged P.R. with assault in the second degree, felony harassment, harassment, and malicious mischief in the third degree. P.R. was found incompetent to stand trial, referred for a civil commitment evaluation, and the charges were dismissed. He was ordered into treatment in January 2019.

In July 2020, the State petitioned to recommit P.R. for an additional 180 days of treatment. P.R. did not file a written jury trial demand. Pretrial hearings were continued

and a hearing was held in September 2020. P.R. participated in the hearing via telephone.

During the hearing, P.R. stated he wished to be present in person for his trial.

A court commissioner explained they could proceed with a Zoom hearing where

P.R. would be able to see his attorney and all the parties and witnesses. The commissioner

stated, "I would be more than happy to make you—make the [Z]oom process available

for you for your hearing." 1 Report of Proceeding (Sep. 21, 2020) at 6. P.R. then asked,

"[Y]ou will not make available the possibility of me being in court?" to which the

commissioner responded:

> That is correct. At present, the possibility of infection and re-infection from
> the Covid infections is too high and there's even a problem I do not have
> the authority to order Western State Hospital to transport you to the
> court . . . . Now, if you want a jury trial your attorney can arrange to demand
> a jury and go downtown. But that would be very awkward and very difficult
> because the juries are also very difficult. We have social distancing. Juries
> are all spread out. It's very, very problematic for you . . . .
>     So, the best thing I can do is offer you a [Z]oom hearing, which I am
> happy to do.

*Id*. at 7. P.R.'s attorney then addressed the court and stated, "I think a video hearing is—

you will feel like you're able to see everybody and it's very—it's about as close a thing to

being in court as you can get at this point. So, I wouldn't object to it if you're okay with

it." *Id.* at 7-8. After a brief discussion, P.R. said "Okay," and the attorney requested the

court set a Zoom hearing. *Id.* at 8.

No. 38549-3-III
*In re Detention of P.R.*

Despite P.R.'s oral agreement to a Zoom hearing, P.R.'s counsel subsequently filed a written motion for an in-person hearing. The motion did not request a jury trial. The motion was denied and in December 2020, a superior court judge ordered that P.R. be recommitted for up to 180 days of treatment.

P.R. timely appeals. A Division Three panel considered P.R.'s appeal without oral argument after receipt of an administrative transfer of the case from Division Two.

ANALYSIS

P.R. claims his civil recommitment hearing was conducted in violation of his right to a jury trial. This argument was not raised prior to appeal. Thus, we assess whether review is appropriate under RAP 2.5(a).

Ordinarily, we decline to review claims of error made for the first time on appeal. *State v. A.M.*, 194 Wn.2d 33, 38, 448 P.3d 35 (2019). However, review is required if the appellant asserts: "(1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right." RAP 2.5(a).

P.R. does not claim he meets the criteria for review under RAP 2.5(a). He appears to recognize that, under our case law, it is not manifestly clear that an individual subjected to a 180-day commitment proceeding has a constitutional right to a jury trial. *See In re*

No. 38549-3-III
*In re Detention of P.R.*

*Det. of C.B.*, 9 Wn. App. 2d 179, 183, 443 P.3d 811 (2019); *In re Det. of M.W.*, 185 Wn.2d 633, 662-64, 374 P.3d 1123 (2016); *In re Det. of M.S.*, 18 Wn. App. 2d 651, 657-59, 492 P.3d 882 (2021), *review denied*, 198 Wn.2d 1035, 501 P.3d 134 (2022). P.R. suggests this court should exercise its discretion to review his case, as the limits on appellate review under RAP 2.5(a) are discretionary. We decline this invitation.

Under the law applicable at the time of P.R.'s case, the burden fell on P.R.'s attorney to advise him of the right to a jury trial. RCW 71.05.300(2). P.R. thereafter had the responsibility of asserting his right to a jury trial or risking waiver. *See C.B.*, 9 Wn. App. 2d at 190; Superior Court Mental Proceedings Rule 3.3. There is no indication here that P.R. was not advised of his right to a jury trial. Nor is there any indication that P.R. did not want to waive his right to a jury trial. The record makes abundantly clear that P.R.'s concern was an in-person proceeding, not a jury trial. P.R. cites no authority challenging the trial court's denial of his request for an in-person hearing. Given the current record, it would be inappropriate for us to address what steps might be appropriate when the trial court is faced with a detained individual who wants to request a jury trial.

CONCLUSION

The order of commitment is affirmed.

A majority of the panel has determined this opinion will not be printed in the

4

No. 38549-3-III
*In re Detention of P.R.*

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

5