IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Detention of | ) | No. 83246-8-I |
| | ) | |
| R.B., | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |

BOWMAN, J. — R.B. appeals an order committing him for 90 days under the involuntary treatment act (ITA), chapter 71.05 RCW. R.B. contends that the trial court deprived him of his statutory right to a jury trial when it rejected his jury demand on the eve of trial. But R.B. waived his right to a jury trial when he agreed to the setting of a bench trial. Because he does not show that the trial court abused its discretion by denying his subsequent jury demand, we affirm.

FACTS

In June 2021, 28-year-old R.B. arrived at the emergency department of Providence Regional Medical Center Everett malnourished and nonverbal. R.B.'s family told hospital staff that over the prior two years, R.B.'s health had deteriorated to the point that he was "not eating very much, not moving . . . , urinating on himself, and not talking."

The hospital diagnosed R.B. with malnutrition and failure to thrive. It admitted R.B. and sought a mental health evaluation under the ITA. During the evaluation, R.B. appeared disoriented and could not accurately state his age. He

told the designated crisis responder (DCR) that he lived with his brother and mother but his mother died several years before. And R.B. answered questions "with latency in his responses lasting 5-20 seconds each time." Based on R.B.'s presentation, the DCR sought a 14-day inpatient involuntary treatment order. R.B. agreed to the 14-day petition in late July 2021.

On August 6, 2021, the hospital petitioned for another 90 days of involuntary inpatient treatment. On August 10, the court held a preliminary hearing. At the hearing, the parties presented to the court an "Order Setting Trial Date & Notification of Rights on Petition for 90 Days of Involuntary Treatment." The order stated that counsel represented R.B. and that R.B. waived his appearance at the hearing. It also confirmed that R.B. had been informed of his rights under RCW 71.05.300, including his right to a jury trial. And in the section calling for selection of either a jury or bench trial, the parties checked the box indicating R.B. chose a bench trial. A superior court commissioner signed the order and set the matter for a bench trial on August 17.

On August 17, R.B. asked for a continuance to August 31. The court granted the continuance. On August 31, R.B. requested another continuance. The court again granted the continuance and set trial for September 10. But on September 9, R.B. filed a demand for a jury trial. The State objected. The commissioner denied R.B.'s jury demand, finding it was untimely under Superior Court Mental Proceedings Rule (MPR) 3.3. R.B. then moved to revise the commissioner's ruling. A superior court judge denied the motion. The court explained that R.B. waived his right to a jury trial when "through his attorney, [he]

2

agreed to a bench trial at the time of trial setting and later filed an untimely jury demand."

The case proceeded to bench trial on September 24. On September 27, the commissioner entered findings of fact and conclusions of law finding R.B. gravely disabled and ordering he be involuntarily committed for another 90 days of inpatient treatment.

R.B. appeals.

ANALYSIS

R.B. argues the court commissioner erred by rejecting his jury demand on the eve of trial. We disagree.

The right to a jury trial under the ITA is statutory. In re Det. of C.B., 9 Wn. App. 2d 179, 183, 191, 443 P.3d 811 (2019). Under RCW 71.05.300(1), the petitioner, usually a mental health professional or physician, must petition for a 90-day commitment "at least three days before expiration of the [14]-day period of intensive treatment." The clerk will schedule a trial setting date "on the next judicial day after the date of filing the petition" and notify the DCR. Id. The DCR must "immediately notify" the detained person, his attorney, the State, and any other interested parties of the trial setting date and provide a copy of the petition to all parties. Id. The attorney must advise the detained person of his rights, including the right to a jury trial. RCW 71.05.300(2).

If a detained person does not request a jury trial, he impliedly waives the right and the case will be " 'heard without a jury.' " C.B., 9 Wn. App. 2d at 187-89 ("in the absence of [a jury] demand, waiver is implicit") (quoting MPR 3.3(b)).

MPR 3.3 explains the procedure for a detained person to demand a jury trial in an ITA proceeding.  "Within two judicial days after the person detained is advised in open court of his right to a jury trial as provided in RCW 71.05.300 the person detained may demand a trial by jury."  MPR 3.3(b).  To make a jury demand, the detained person must serve "the prosecuting attorney a demand therefor in writing, by filing the demand therefor with the clerk."  Id.  If no party serves and files a demand for jury trial in the allotted time, "the matter shall be heard without a jury."  Id.

R.B. argues for the first time on appeal that MPR 3.3 is invalid because RCW 71.05.300 no longer provides that the court must advise a detained person of his right to a jury trial in "open court."  See MPR 3.3(b).  He points to the language in former RCW 71.05.300(1) (2019) providing that when the hospital petitions for a 90-day commitment, "the clerk shall set a time for the [detained] person to come before the court on the next judicial day after the day of filing unless such appearance is waived by the person's attorney."  Former RCW 71.05.300(2) also provided that "at the time set for appearance the detained person shall be brought before the court, unless such appearance has been waived and the court shall advise him . . . of his . . . right to a jury trial."[1]  According to R.B., MPR 3.3 "cannot be interpreted to require an individual to file a jury demand based upon a process that no longer exists."

The State argues we should refuse to address R.B.'s argument that MPR 3.3 is invalid because he did not raise the issue below.  See RAP 2.5.  But we

---

[1] The Supreme Court did not amend MPR 3.3 after the 2020 amendment to RCW 71.05.300 (LAWS OF 2020, ch. 302, § 43).

need not address R.B.'s argument because he did not implicitly waive his right to jury trial by failing to assert it under MPR 3.3.  Instead, after R.B. was informed of his right to a jury trial, he affirmatively waived the right by selecting a bench trial instead of a jury trial in the trial setting order.  Once a party waives the right to a jury trial, it is within the trial court's discretion whether to reinstate that right.  Mt. Vernon Dodge, Inc. v. Seattle First Nat'l Bank, 18 Wn. App. 569, 581, 570 P.2d 702 (1977).  The record shows R.B. demanded a jury trial nearly a month after waiving the right and the day before his bench trial was set to begin.  The trial court did not abuse its discretion.

Affirmed.

_Brumm__, J_

WE CONCUR:

_Chung, J._                    _Andrus, C.J._

5