[Cite as *State v. Smith*, 2018-Ohio-927.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170076<br>TRIAL NO. 16CRB-30729 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| TERRILL SMITH, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal:  March 14, 2018


*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Appellate Director, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}   Defendant-appellant Terrill Smith has appealed from the trial court's judgment convicting him, following a bench trial, of unauthorized use of a motor vehicle.

{¶2}   Because the record contains no evidence that Smith used the vehicle as is required by R.C. 2913.03, we hold that his conviction was not supported by sufficient evidence and that the trial court's judgment must be reversed.

### Factual and Procedural Background

{¶3}   A complaint charging Smith with unauthorized use of a motor vehicle under R.C. 2913.03(A) alleged that he had used a vehicle belonging to Monic Lemons without Lemons's consent on or about November 3, 2016, through November 10, 2016.

{¶4}   At trial, Lemons testified that in late August or early September 2016, she moved from her cousin's home into her mother's home.  As a result of the move, she needed to relocate her 2004 Chevrolet Impala, which was in need of repairs.  Smith, Lemons's former fiancé, offered to take the vehicle to his mother's house and perform the necessary repairs.  Lemons gave Smith permission to take the vehicle and repair it.

{¶5}   The friendship between Lemons and Smith deteriorated, and on November 3, Lemons sent Smith a text message that instructed him to put the vehicle's keys in her mother's mailbox.  She stated that she would either have the vehicle towed or pick it up.  Smith responded, "OK Monic," and he offered to give Lemons approximately $1,500 in car parts that he had purchased for the repairs.  On

November 10, Lemons and Smith exchanged further messages regarding the vehicle, which had not yet been returned to Lemons or retrieved by her. Lemons messaged Smith on November 10 that a friend was coming to get the car by the upcoming weekend, and Smith responded, "What car?" Lemons testified that after receiving Smith's message, as well as being informed by Smith's brother-in-law that Smith had told his family that Lemons had given him the vehicle, she filed a police report. Lemons explained that Smith eventually returned the vehicle to her father's home on November 16 or 17.

### *Sufficiency of the Evidence*

{¶6} We address Smith's second assignment of error first, as it is dispositive of this appeal. In his second assignment of error, Smith argues that his conviction was based on insufficient evidence and was contrary to law.

{¶7} When reviewing a challenge to the sufficiency of the evidence, we must view all evidence and reasonable inferences in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶8} Smith was convicted of unauthorized use of a motor vehicle in violation of R.C. 2913.03(A), which provides that "[n]o person shall knowingly use or operate an aircraft, motor vehicle, motorcycle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent." Smith specifically argues that the state failed to prove that he "used" Lemons's vehicle during the period November 3-10.

{¶9} The evidence presented at trial established that Lemons had initially given Smith permission to take possession of her vehicle for the purpose of repairing it, but had revoked that permission on November 3. From that point on, any use of the vehicle by Smith during the time period specified in the complaint would have been without Lemons's consent and in violation of R.C. 2913.03. *See State v. Rose*, 63 Ohio St.3d 585, 589, 589 N.E.2d 1315 (1992). Viewing the evidence presented in the light most favorable to the prosecution, the record demonstrates that Smith had kept Lemons's vehicle at his mother's house from November 3 to November 10. There is no evidence that he operated the vehicle during this time, and there are no facts from which an inference can be drawn that he did. At most, the evidence demonstrated that Smith had possession and/or control of the vehicle. We must determine whether his actions constituted "use" of the vehicle.

{¶10} The term "use" is commonly defined as "[t]o employ for the accomplishment of a purpose; to avail oneself of." *Black's Law Dictionary* 1776 (10th Ed.2014). In *State v. Jones*, 2d Dist. Montgomery No. 5745, 1978 WL 216208 (Mar. 1, 1978), the court considered whether the defendant's actions had constituted "use" for purposes of R.C. 2913.03. It explained that "[t]he presence in the statute of the alternatives—use or operation—includes application of the vehicle to purposes other than operation." *Id.* at *2. Typically, courts have interpreted or expanded the term "use" to include passengers who knowingly ride in a vehicle without the owner's permission. *Id.*; *State v. Bennett*, 1st Dist. Hamilton No. C-800345, 1981 WL 9753, *2 (Apr. 29, 1981); *State v. Daugherty*, 10th Dist. Franklin No. 91AP-1499, 1992 WL 142340 (June 18, 1992).

{¶11}  We cannot find that retaining possession of, or having control over, a vehicle, without more, is sufficient to constitute use.  The record indicates that the vehicle remained at Smith's mother's house from November 3 to November 10, and there is no evidence that Smith used or operated Lemons's vehicle in any manner during that time.  Consequently, the trial court erred in finding all the elements of the offense of unauthorized use of a motor vehicle proven beyond a reasonable doubt.

{¶12}  Because Smith's conviction was not supported by sufficient evidence, the second assignment of error is sustained.  Smith's first assignment of error, in which he contends that the trial court committed prejudicial error by admitting hearsay evidence, is rendered moot by our resolution of the second assignment of error.

{¶13}  The judgment of the trial court is reversed, and Smith is discharged from further prosecution.

Judgment reversed and appellant discharged.

**MILLER** and **DETERS, JJ.,** concur.

Please note:
 The court has recorded its own entry on the date of the release of this opinion.