[Cite as *State v. Harden*, 2021-Ohio-600.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190709 |
| | | TRIAL NO.   C19CRB-23003 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| CODY L. HARDEN | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 5, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Ronald Springman, Jr.,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Krista Gieske,* Assistant Public Defender, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}    Defendant-appellant Cody Harden was convicted of unauthorized use of a motor vehicle in violation of R.C. 2913.03(A). He has appealed, arguing in one assignment of error that his conviction was based upon insufficient evidence and against the manifest weight of the evidence. We overrule the sole assignment of error and affirm the judgment of the trial court.

### *Factual Background*

{¶2}    Octavia Allen and Harden worked together.  Allen testified that on August 28, 2019, she loaned her car to Harden to "grab lunch." She expected him to return it by the end of their one-hour lunch break. Harden did not return to work that day. Allen called the police and filed a report.  She called and texted Harden, with no reply. Two days later, on August 30, she received a phone call from Harden. She testified that he told her that he had left the car in a T-Mobile parking lot "that morning."

{¶3}    Sharonville Police Officer Christopher Wilson testified that he investigated the police report filed by Allen. He talked with Harden over the phone on August 30. Wilson testified that Harden admitted that he had driven Allen's car, and that he had parked it in the T-Mobile parking lot. Allen and Wilson retrieved the keys and car from Harden's brother in the T-Mobile parking lot. Allen testified that the car was damaged, smelled like marijuana, and contained marijuana residue.

### *Sufficiency of the Evidence*

{¶4}    The test for determining the sufficiency of the evidence is whether "after viewing the probative evidence and inferences reasonably drawn therefrom in

the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *State v. MacDonald*, 1st Dist. Hamilton No. C-180310, 2019-Ohio-3595, ¶ 12, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). It is a question of law for the court to determine, the court is not to weigh the evidence. *MacDonald* at ¶ 12.

{¶5} R.C. 2913.03(A) provides, "No person shall knowingly use or operate an aircraft, motor vehicle, motorcycle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent." Harden argues that the state failed to prove that he "used" or "operated" Allen's car. He cites *State v. Smith*, 1st Dist. Hamilton No. C-170076, 2018-Ohio-927.

{¶6} In *Smith,* Lemons, the victim, gave Smith permission to move her car to Smith's mother's house, where Smith was supposed to make repairs to the car. *Id.* at ¶ 4. The relationship between Lemons and Smith deteriorated, and on November 3, 2016, Lemons revoked her permission and requested that Smith return the keys so that she could retrieve the vehicle. *Id.* at ¶ 5. Smith failed to comply, and Lemons filed a police report on November 10. *Id.* Smith then returned the car to Lemons on November 16 or 17. *Id.*

{¶7} This court found that Lemons had revoked her permission on November 3, and that any use of the car between November 3 and November 10 would have been without Lemons's consent and in violation of R.C. 2913.03. *Id.* at ¶ 9. However, the court further found:

> Viewing the evidence presented in the light most favorable to the prosecution, the record demonstrates that Smith had kept Lemons's

vehicle at his mother's house from November 3 to November 10. There is no evidence that he operated the vehicle during this time, and there are no facts from which an inference can be drawn that he did. At most, the evidence demonstrated that Smith had possession and/or control of the vehicle.

*Id.*

{¶8} "The term 'use' is commonly defined as '[t]o employ for the accomplishment of a purpose; to avail oneself of.' " *Id.* at ¶ 10, quoting *Black's Law Dictionary* 1776 (10th Ed.2014). "We cannot find that retaining possession of, or having control over, a vehicle, without more, is sufficient to constitute use." *Smith* at ¶ 11. The court held that there was insufficient evidence that Smith "used" the vehicle after Lemon revoked her consent and reversed Smith's conviction for unauthorized use of a motor vehicle. *Id.* at ¶ 2.

{¶9} The present case is distinguishable from *Smith.* Between November 3 and November 10, the car sat in Smith's mother's garage. There was no evidence that he used the car during that time.

{¶10} Here, Allen gave Harden permission to use the vehicle, but only to "grab lunch." Allen testified that Harden told her that he had left the car in a T-Mobile parking lot on the morning of August 30. Wilson testified that on August 30, Harden told him that he parked the car at T-Mobile, that he still had the keys, and that he would give the keys to his brother who would meet Allen at T-Mobile.

{¶11} The state presented sufficient evidence that Harden used the car after his permission to do so had terminated.

4

### *Manifest Weight of the Evidence*

{**¶12**}  In reviewing a claim that a conviction is against the manifest weight of the evidence, "we review the record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact, in resolving conflicts in the evidence, 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned.' " *Martin* 20 Ohio App.3d at 175, 485 N.E.2d 717.  Reversal of a conviction and a grant of a new trial should only be done in "exceptional cases in which the evidence weighs heavily against the conviction." *Id.* "The trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given to the evidence presented." *State v. Carson*, 1st Dist. Hamilton No. C-180336, 2019-Ohio-4550, ¶ 16.

{**¶13**}  Harden did not testify or rebut the state's evidence. There is nothing indicating that the trier of fact clearly lost its way and created a manifest miscarriage of justice.

### *Conclusion*

{**¶14**}  The sole assignment of error is overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.